RECEIVED

OCT 1 7 2025

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT IN AND FOR THE

SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **The Nutcracker Project of Iowa (NPI)** <br> **Gabriel Luis Vasquez, et. al.** <br> **Petitioner** <br> **V.** <br> **The Iowa Legislature, Iowa Governor** <br> **Kim Reynolds In Her Official Capacity** <br> **Defendants** | **Case No.**_____ <br><br> **Complaint Under** <br> **42 USC 1983 With Jury** <br> **Demand** |

Comes now Petitioners The Nutcracker Project of Iowa, Pro Se hereafter NPI, in support of the above captioned complaint and hereby states the following facts for this Courts consideration:

## I.

### Jurisdiction

1) NPI brings this Action pursuant to 42 USC 1983. This Court has jurisdiction under 28 USC 1331 and 1343. NPI also seeks a declaratory judgment pursuant to 28 USC 2201

## II.

### Venue

2) The Southern District of Iowa is an appropriate venue under 28 USC 1391(b)(2) due to a substantial part of the events and legislative policies giving rise to the claims herein occurring in this District

### III.

### Parties

3) NPI is an organization whose stated goal is to "break the time bar nut" in Iowa. NPI is a non-profit, voluntary membership organization formed under the First Amendment of the U.S. Constitution (Right to Assemble) and Article One Section Twenty of the Iowa Constitution (Right of Assemblage)

4) NPI consists of the following members from their respective Counties in Iowa: Gabriel Luis Vasquez (Scott), Randy Jones (Polk), Bobby Woodberry (Polk), David Gonzales-Becerra (Pottawattamie), Dan Dorris (Pottawattamie), Tony Sihavong* (Polk), Thanh Dao (Polk), Khamfeuang Thongvanh (Webster), Lance Dixon (Polk), Larry Nathaniel Kennedy(Webster), Juan Ledesma (Woodbury), Terry Ray Lord* (Polk), Michael Linn Schawitsch** (South Lee), Esteban Velazquez-Ramirez (Crawford), David Errol Willock (Black Hawk), Michael Roach (Polk), James McCurdy (Story), Jack Losee (Polk)

5) *Member Terry Ray Lord is visually impaired-member Vasquez has assisted him in his State District Court/Appellate proceedings and will continue to do so in these proceedings. Member Tony Sihavong is hearing impaired-member Vasquez has assisted him in his State District Court proceedings and will continue to do so in these proceedings

6) **Member Michael Linn Schawitsch passed away as a prisoner of the State of Iowa on March 30, 2025 during the pendency of this Appellate proceedings. As a founding member whom maintained his innocence even at passing, NPI members will execute this Action on his behalf

7) All listed members of NPI are prisoners of the State of Iowa located at the Anamosa State Prison, 406 N. High St., Anamosa, Iowa 52205

8) Defendant Iowa Legislature is located at: Legislative Services Office, Statehouse, Des Moines Iowa 50319; Defendant Governor Kim Reynolds is located at: Office of the Governor, 1007 East Grand Ave, Des Moines Iowa 50319

## IV.

### Exhaustion of State Remedies

9) The following listed NPI members filed State District Court actions in their respective Counties, were denied a merits hearing and summarily dismissed. All sought Appellate relief and were denied review by the Iowa Supreme Court:

| Member: | Iowa Sup. Ct. No. | | |
|---|---|---|---|
| Dorris | 23-2067 | Lord | 24-0065 |
| Sihavong | 24-0436 | Ramirez | 24-0924 |
| Dao | 23-1629 | Willock | 24-0014 |
| Thongvanh | 24-0783 | Schawitsch | 24-0135 |
| Dixon | 23-2106 | Woodberry | 23-1956 |
| Kennedy | 24-0937 | Ledesma | 24-0479 |
| Becerra | 23-2068 | McCurdy | 24-0784 |
| Losee | 24-0794 | Roach | 24-0074 |

10)   Member Randy Jones filed his State District Court action in Polk County, case cited Jones V. State PCCE 090286. This action was not able to be appealed due to the inactions of his State appointed counsel. More facts will be presented herein

## V.

### Statement of Facts

11)   In June of 2018 the Iowa Supreme Court published its decision in the matter Allison V. State 914 NW2d 866, 891 (Iowa 2018) that allowed for claims of ineffective assistance of counsel to be raised in a subsequent State PCR action applying Federal authority issued by the U.S. Supreme Court in Martinez V. Ryan 566 U.S. 1,5 132 S.Ct. 1309, 1313 (2012) and Trevino V. Thaler 569 U.S. 413, 429 133 S.Ct. 1911, 1921 (2013)

12)   In the dissent Justice Waterman wrote "Even if case law from other jurisdictions mattered more than Iowa case law (and it does not) the majority cites no helpful or persuasive out-of-state authority...." (Part IV

Dissent) and goes on to state "The legislature can have the last word and should amend the statute to abrogate today's decision," (Part VII Dissent).

13)    At the behest of Justice Waterman, the Iowa Legislature did indeed amend Iowa Code, Chapter 822.3 to abrogate the Allison decisions "relation back" doctrine

14)    Members of NPI filed for relief to challenge their State court convictions under Allison before the 2019 Legislative amendment took effect-none obtained a merits hearing. Instead they were dismissed under the term of art "promptly"

15)    Member Schawitsch filed a Petition for Writ of Habeas Corpus under a new ground to the Federal District Court, Southern District of Iowa and was directed to petition the Eighth Circuit Court of Appeals for permission to file a second or subsequent petition. He did so and was denied. Schawitsch then petitioned the United States Supreme Court and never received a response

16)    The cases are under Schawitsch V. Karberg _____

17)    In late 2021-early 2022 members Ledesma, Ramirez, Lord Schawitsch, Roach, Sihavong, Dixon and Dao all met with member Vasquez to discuss legal options on the Alison issue. Vasquez informed the group he was watching a case in the U.S. Supreme Court that could possibly have an impact on their litigation and to wait

18)    In June of 2022 the United States Supreme Court issued its landmark decision in New York State Rifle and Pistol Assn. V. Bruen 142 S.Ct. 2111 (2022). Members of NPI met to discuss the decision, to debate its merits and develop a strategy moving forward

19)    In early 2023 members voted to assemble under the Constitutions of the United States and Iowa and form the Nutcracker Project of Iowa with the express intended goal to utilize the landmark Bruen decision to "crack the time bar nut" in Iowa and all other terms of art the State invoked to deny its members their Constitutionally vested Fundamental, Inalienable Rights to Redress of Grievance against the Government, Due Process, Equal Treatment/Protection Under Law, Free Speech and Liberty

20)    Experiencing the "divide and conquer" tactics of prosecutors across Iowa, the now expanded membership (to include the above listed persons) voted to petition the Iowa Courts for relief from their wrongful

convictions on two (2) fronts-the first being the "time bar" as an affirmative defense and the second being the "terms of art" the State actors utilized to deny them relief as a unified group

21)    The "time bar" is the gateway in which all Petitioners must pass through in order to obtain a hearing on the merits of their claims. Essentially, once NPI "cracked" the time bar each member would then proceed onto their respective merits hearings and stand on their own, the temporary team up having accomplished its mission statement

22)    On or about July 4, 2023- the Nations Day of Independence- over two dozen NPI members filed Applications for Post-Conviction relief in the State of Iowa with their respective State District Courts. In all of the Applications members claimed the following:

   A) The conviction and sentence was obtained in violation of the U.S. Constitution and the Iowa Constitution
   B) Bruen and associated case law ripens the members challenge to the "time bar" and the disavowed (Theory of crime used for their convictions)
   C) The time bar challenge was no different than Governor Reynolds pre/post Dobbs challenge to the Iowa Supreme Courts Constitutionalization of abortion in Iowa

23)    Some members of NPI are Nationals of other countries and as such their Applications contain an extra sentence written into their Applications that reads: "His international Human Rights protections by and through The Hague and Vienna Conventions." These members are: Dao, Thongvanh, Ramirez, Ledezma

24)    As predicted, State prosecutors invoked the "time bar" as an affirmative defense to the member's filings and the State District Courts agreed, holding that only the Iowa Supreme Court could overturn existing precedent.  No merits or evidentiary hearings were held in the matters

25)    NPI members sought appellate review of their combined State and Federal actions with the exception of member Randy Jones whom was unable to due to his attorney failing to notify him of his adverse decision issued by the State District Court

26)    The Iowa Supreme Court passed the cases to the Iowa Court of Appeals which held "We are not at liberty to overrule controlling supreme court precedent," and dismissed the appeals

27) The Iowa Supreme Court denied further review in all members' appeals

## VI.

### Causes of Action:

### Count I

**All Members of the Nutcracker Project of Iowa Have the Fundamental, Inalienable Right to the Meaningful Exercise of Speech and Ideas in Pursuit of Their Right to Redress of Grievance Against the Government Under the First Amendment of the Constitution of the United States of America Guaranteed to Them Under the Supremacy Clause, Article Six, Section Two of the U.S. Constitution, the Writ of Habeas Corpus, Article One Section Nine of the U.S. Constitution**

28) NPI incorporates paragraphs 1-27 as though they were fully stated herein

29) Iowa Code, Chapter 822.3's limitations period and relation back preclusion as amended in 2019 by SF589 at the behest of Iowa Supreme Court Justice Thomas Waterman is unconstitutional both facially and as applied to members of NPI as it constitutes a depravation of members civil and constitutional Rights to the meaningful exercise of Grievance against the Government

30) Iowa Code, Chapter 822.3 states in relevant part: All Applications for post-conviction relief must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued…However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period," see Goode V. State 920 NW2d 520 (Iowa 2018)

31) In explaining Iowa's limitations period and relevant "escape clause" the Iowa Appellate Court has held "The limitations section in Iowa Code, Chapter 822.3 was in place to ensure that claims that could not have been raised within the Statute of Limitations were not lost when new information came to light after the Statute of Limitations had run," see Doty V. State 2003 Iowa App. Lexis 532 (Iowa Ct. App. 2003) (pre Justice Waterman's dissent in Allison)

32) Defendants Iowa Legislature, in adopting and signing into law the Iowa Omnibus Crime Bill SF589 (hereafter SF589) at the direction of Justice Waterman did willfully and intentionally create a law that unconstitutionally encroaches on the State and Federal Constitutions protections of Speech and Redress of Grievance Against the Government by circumventing merits hearings in post-conviction relief actions through the application of a "time bar" and nullification of the "relation back" doctrine

33) While the Iowa Legislature has the power to create laws, "the General Assembly's power is subject to the Constitution, and cannot be used as a cloak under which to disregard Constitutional Rights or restrictions," see State V. Schlenker 112 Iowa 642 84 NW 698 (Iowa 1900)

34) The Iowa Constitution, Article Twelve Section One textually states: "This Constitution shall be the Supreme law of the State and any law inconsistent therewith, shall be void. The General Assembly shall pass all laws necessary to carry this Constitution into effect."

35) The U.S. Constitution, Amendment Fourteen Section One textually states: "No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

36) Under Iowa's Constitution Article Four Section Nine the primary Constitutional duty and power of the Governor of the State of Iowa is to ensure that the laws are faithfully executed. Defendant Governor Kim Reynolds, in signing into law SF589 in conjunction with the Iowa Legislature, did willfully and intentionally create a law that unconstitutionally encroaches on the State and Federal Constitutions protections of Speech and Redress of Grievance Against the Government by circumventing merits hearings on post-conviction relief actions involving a Petitioners Due Process and Equal Protection/Treatment Under Law Constitutional Rights, in addition to a Petitioners Right to Liberty

37) Members of NPI posit the State and Federal Constitutional Rights are not simply a "smorgasbord" of which only some Rights are observed and others are discarded. To allow the Iowa Legislature and Governor Kim Reynolds the unfettered power to switch on and off Fundamental,

Inalienable Rights when it is politically convenient for them violates the Framers of these Constitutions intent to enshrine these protections away from the body politic in order to protect those Rights from arbitrariness

38)    The Iowa Constitutional Right to Habeas Corpus is enshrined under Article One Section Thirteen of the Iowa Constitution: "The Writ of Habeas Corpus shall not be suspended, or refused when application is made as required by law, unless in case of rebellion, or invasion the public safety may require it."

39)    The Federal Constitutional Right to Habeas Corpus is enshrined under Article One Section Nine of the Constitution of the United States of America: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it."

40)    The Framers of both the State and Federal Constitutions considered the Writ a vital tool for the protection of an individual's Liberty, and in accordance with the Suspension Clause specified only two instances when the Writ would be Suspended-Rebellion or Invasion. This Clause specifically targets against end-run abuses of the Writ by the Executive and Legislative Branches, and SF589 is an unconstitutional end-run abuse of discretion by Legislative and Executive powers affecting Federal Rights

41)    The two exceptions were designed to ensure Governmental accountability and a promise from the Framers to realise individual Liberty over politics. As Alexander Hamilton wrote in the Federalist Papers, No. 84: "The practice of arbitrary imprisonments have been, in all ages, the favorite and most formidable instruments of tyranny."

42)    Further, the Magna Carta decreed "No man would be imprisoned contrary to the Law of the Land." The Writ of Habeas Corpus has been recognized as the means by which the Magna Carta's declaration and promise has been fulfilled

43)    All NPI members filed State post-conviction relief actions in their respective District Courts based on a new ground of Law pursuant to Iowa Code, Chapter 822.3's "escape clause," citing the "Historical Traditions Test" announced in Bruen as a vehicle to attack trial errors under State and Federal law

44)  NPI members used the standard Iowa prisoner's post-conviction relief action Court packet and all members served fair notice to the State Courts that:

A) They were using the "Bruen Test" to challenge the time bar, and

B) They attached the "Bruen Test" to attack the "disavowed _____ Rule"

45)  In all cases the local District Attorneys filed for summary dismissal based on the statute of limitations-the "time bar," citing Iowa Code, Chapter 822.3 (2019) (Post Allison)

46)  NPI members all argued the language of the Bruen decision in holding "This Second Amendment standard accords with how we protect other Constitutional Rights.  Take, for instance, the freedom of speech in the First Amendment.... And beyond the freedom of speech, our focus on history also comports with how we assess many other Constitutional claims..." was binding to the States under the Supremacy Clause of the U.S. Constitution, Article Six Clause Two.  This mandate by the U.S. Supreme Court entitled Petitioners to an evidentiary hearing on their merits of their State and Federal claims

47)  The District Attorneys argued Bruen was only a "gun case" and came out of New York-not applicable to Iowa- mirroring Justice Waterman's statement in Allison claiming: "Even if case law from other jurisdictions mattered more than Iowa case law (and it does not)...."

48)  NPI members posit Defendants Iowa Legislature and Governor Kim Reynolds violated U.S. Constitutional law under the Supremacy Clause in ignoring U.S. Supreme Court authority held in Bruen by creating a law (SF589) designed to supplant Federal authority-by Justice Waterman's own directive-yet observe U.S. Federal authority as held in Dobbs V. Jackson Women's Health Org. 142 S.Ct. 2228 (2022) to serve as a platform for the Governor's fetal heartbeat litigation Planned Parenthood of the Heartland V. Reynolds ex. rel. 9 NW3d 37 (Iowa 2024)

49)  Defendants Iowa Legislature and Governor Kim Reynolds created SF589 with the express intent to deprive persons of their Constitutional Rights to Speech and meaningful Redress of Grievance Against the Government in violation of State and Federal Constitutional and Civil Rights

## Count II

**All Members of the Nutcracker Project of Iowa Have the Fundamental, Inalienable Right to Meaningful Due Process Under the Fifth Amendment of the Constitution of the United States of America, Guaranteed to Them Under the Supremacy Clause, Article Six Section Two of the U.S. Constitution, the Writ of Habeas Corpus Article One Section Nine of the U.S. Constitution**

50)    NPI incorporates paragraphs 1-49 as though they were fully stated herein

51)    All NPI members reside in the State of Iowa but are Citizens of the United States and /or Citizens of the Countries of Mexico, Laos, Vietnam, Guatemala with Rights under their respective Constitutions

52)    Under the Supremacy Clause of the U.S. Constitution: "Judges in every State shall be bound by the Federal Constitution, any Thing in the Constitution or laws of any State to the contrary notwithstanding…This Clause creates a rule of decision directing State Courts that they must not give effect to State laws that conflict with Federal law," see Espinoza V. Mont. Dept. of Revenue 140 S.Ct. 2246 (2020).  States have no power to retard, impede, burden or in any manner control the operations of the Constitutional laws of the United States, and "State Courts are obligated to follow Federal law under the Supremacy Clause," see Edwards V. Vannoy 141 S.Ct. 1547 (2021)

53)    NPI members all filed State post-conviction actions in order to exhaust their remedies relating to their unlawful conviction ad detention citing a change in Federal law relating to the "strict scrutiny/rational basis" two-step approach to Governmental regulations of Fundamental, Inalienable Rights that, according to the U.S. Supreme Court "despite the popularity of the two-step approach, it is one step too many," Bruen.

54)    Specifically, the Bruen decision held: "to justify its regulation, the Government may not simply posit that the regulation promotes an important interest.  Rather, the government must demonstrate that the regulation is consistent with this Nations historical tradition of" (that Rights) "regulation."

55)    NPI members raised very specific Federal challenges to State convictions citing trial errors and putting the State on notice of its Federal

mandate to prove restrictions like Iowa Code, Chapter 822.3 and related terms of art usurp the Federal Suspension Clause of the Writ in an effort to exhaust Federal requirements to access the Writ of Habeas Corpus. This was a very important distinction-in order to even qualify for Federal considerations of a Petition, all remedies **must** be exhausted through State avenues, so all NPI members **had** to file their Federal challenges **first** through the State of Iowa

56)    In this context under Federal Constitutional law and the Supremacy Clause, the State District Courts were obligated to allow all members challenges to proceed to merits hearings using the Historical Traditions Test (Federally) to challenge their wrongful State convictions to exhaust a Federal remedy in State Courts, **even when Iowa Courts disregarded their own State Constitution to hear NPI members under Federal Constitutional and Civil Rights laws**

57)    Defendants the Iowa Legislature and Governor Kim Reynolds created and enacted a law (SF589) that not only violated Iowa's Constitution but also allowed State District Courts to preempt Federal Constitutional law

58)    The Iowa Constitution was molded after the Federal U.S. Constitution, designed to observe and respect the Federal Right to Due Process and to work in tandem with that Right.  In 1970 Iowa Acts, Ch. 1276 Statutes 1-11 (663A) supplanted and "replaces the remedy of Habeas Corpus formerly available for challenging the validity of a conviction or sentence," see Davis V. State 403 NW2d 707 (Iowa 1989). This is because even State post-conviction relief actions must adhere to Constitutional textual authority Federally

59)    In fact, the Iowa post-conviction relief application cites Iowa Code in its required "Grounds Upon Which this Application is Based" two specific Federal implications-**A**) "The conviction or sentence was **in violation of the Constitution of the United States** or the Constitution or laws of this State," and **F**) "The conviction or sentence is otherwise subject to collateral attack upon grounds of alleged error formerly available under **any** common law, statutory, **or other writ**, motion, **proceeding or remedy**."

60)    Defendants Iowa Legislature and Governor Kim Reynolds cannot legislate away NPI members Fundamental, Inalienable Federal Constitutional Rights-which is what they seek to do.  The last time States attempted to legislate away Rights in an effort to supplant the U.S.

Constitution it led to a civil war where the Republic, not the
Confederacy, prevailed

61)    Despite Justice Waterman's language that "Even if case law from
other jurisdictions mattered more than Iowa case law (and it does not)…"
the U.S. Supreme Courts case law is binding to the States under the
Fourteenth Amendment of the U.S. Constitution and reigns Supreme
under the Supremacy Clause of the U.S. Constitution

62)    Defendants Iowa Legislature and Governor Kim Reynolds created
SF589 with the express intent to deprive persons of their Right to Due
Process in violation of Federal Constitution and Civil Rights

## Count III

**All Members of the Nutcracker Project of Iowa Have the Fundamental,
Inalienable Right to Meaningful Equal Treatment/Protections Under Law
As Held by the Fourteenth Amendment of the Constitution of the United
States of America, the Supremacy Clause Article Six Section Two of the
U.S. Constitution and the writ of Habeas Corpus Article One Section Nine
of the U. S. Constitution**

63)    NPI incorporates paragraphs 1-62 as though they were fully stated
herein

64)    Defendants the Iowa Legislature and Governor Kim Reynolds
violated the Constitutional and Civil Rights of NPI members whom filed
timely actions for post-conviction relief by enacting SF589 to act as an
arbitrary suspension of the Writ of Habeas Corpus against the Framers
express intent when the Constitution was drafted and ratified

65)    The Fourteenth Amendment of the Constitution of the United States
guarantees Equal Protection Under Law yet members of NPI were treated
vastly differently under the law despite having the same foundational
premise and argument presented to the State District Courts all over Iowa

66)    For example: Members Dorris and Becerra were represented
aggressively by State District Court counsel yet on appeal two different
appellate counsels filed frivolous appeals claims and had their client's
appeals dismissed without argument

67)    When members Woodberry, Roach, Losee and Ramirez had the same counsel as Dorris and spoke with him, counsel realized his error yet could not save Dorris' appeal due to Iowa law obstructing Federal law

68)    Becerra was also dismissed on appeal as frivolous by appellate counsel with no hope of resurrecting his action like Dorris

69)    Member Ramirez was denied counsel in the State District Court proceedings and despite the Court ruling he was timely sua sponte decided on an issue of "retroactivity" (without a merits hearing) and dismissed his action

70)    Members Thongvanh and Kennedy had two different counsels, Thongvanh's counsel argued the issue needed to be argued to the Iowa Supreme Court without further expansion of the record yet Kennedy's counsel argued aggressively for a hearing to develop a merits record for appellate review. Both were dismissed without a merits hearing

71)    Member Ledesma had the same counsel as Thongvanh who refused to create a record at the District Court level for appellate review

72)    Member McCurdy had the same counsel as Ledesma and Thongvanh, was online when the County Attorney and his counsel were speaking and heard his own counsel tell the County Attorney he was only going to argue the case needed to go to the Supreme Court and no meritorious issues. Counsel for McCurdy did just that and when McCurdy tried to speak up the Judge told him to "be quiet."

73)    Member Sihavong had aggressive State District Court counsel yet when he got to his appeal his new counsel moved for dismissal citing frivolousness-yet this same counsel represented another member-Dixon-on the same issues. Sihavong could not resurrect his action

74)    Apart from the calamity SF589 caused members counsels, Courts all over Iowa ruled only the Iowa Supreme Court could overturn precedent, (Dorris, Becerra, Thongvanh, Kennedy, Dixon) or that the time bar was legal without further comment, (Lord, Dixon, Dao, Roach, Willock, Ramirez, Schawitsch)

75)    Member Jones attempted multiple times to communicate with his counsel and despite His Honor directing his counsel to speak with him, she refused to. Jones wrote the State District Court multiple times with no reply and only learned about his case dismissal from the Iowa Supreme Court when he wrote to them. Due to counsel's dereliction of duty Jones could not appeal the decision and to this date he does not have

any copies of the filings by the State from his counsel or the Judge's ORDER in his action

76)   Further, despite State District Courts ruling only the Iowa Supreme Court could overturn precedent, and the Appellate Court holding the same, the Iowa Supreme Court refused to hear any Nutcracker cases even though they are a matter of First Impression and of significant societal importance

77)   Defendants the Iowa Legislature and Governor Reynolds created this feature in SF589 to circumvent Constitutional Due Process and frustrate any meaningful collateral review of wrongful convictions in violation of Federal Constitutional and Civil Rights, clearly shown by NPI's litigation all over Iowa

78)   Member Dixon in his State District Court proceeding (one of the few members allowed to speak) reminded the Court that it had the power to listen to him when the State's Attorney said the Court did not have the power to override Supreme Court precedent. Dixon is right, that is how the law (under the Fourteenth Amendment) works

79)   All Constitutional challenges begin their life in the District Court, the Court of First Instance, before they proceed to the State Supreme Court, the Court of Last Resort. The reason challenges begin in the Court of First Instance is so there can be a complete record made on the issues- with expert testimony and witness testimony given-for a meaningful appellate review. This process comports with Constitutional Due Process when applied accordingly, which did not happen in NPI cases

80)   The U.S. Supreme Court in Boumediene V. Bush 553 U.S. 723 (2008) held "We do consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law," citing INS V. St. Cyr 533 S.Ct. 289 (2001)

81)   In that decision the Court relied on R. Hurd's Treatise on the Right of Personal Liberty and On The Writ of Habeas Corpus and the Practice Connected with it: With a View of the Law of Extradition of Fugitives 222 (2nd ed. 1876) quoting "It cannot be denied where a probable ground is shown that the party is imprisoned without just cause, and therefore, hath a Right to be delivered, for the Writ then becomes a 'Writ of Right,'

which may not be denied but ought to be granted to every man that is committed or detained in prison or otherwise restrained of his Liberty."

82)    It cannot be seriously argued the State of Iowa is not part of the Republic of the United States of America, and as a member State of the Republic it cannot be seriously argued the State of Iowa is not subject to Federal Law under the Supremacy Clause of the U.S. Constitution. As such, the State of Iowa is bound to observe the U.S. Constitutional Writ of Habeas Corpus Federally and independently from its State counterpart

83)    While Defendants the Iowa Legislature and Governor Kim Reynolds (to their shame) choose to disregard the rich history and tradition of the State Writ of Habeas Corpus and of the words of Iowa's flag: "Our Liberties We Prize and Our Rights We Will Maintain," they have no power to retard, impede, burden or in any manner control the operations of the Constitutional Laws of the United States

84)    Defendants the Iowa Legislature and Governor Kim Reynolds created SF589 with the express intent to deprive persons of their Rights to Equal Treatment/Protection Under Law and Due Process in violation of Federal Constitutional and Civil Rights

85)    With the advent of the "Historical Traditions Test" the Government was obligated to prove restrictions like (not exclusively) the "time bar" are part of the Suspension Clause of the Writ of Habeas Corpus. No State actor did so, instead they cited and relied on Iowa Code, Chapter 822.3 as amended by SF589 as an affirmative defense. This violates Federal Law rendering it unconstitutional

86)    The Government was also required to prove restrictions like (not exclusively) terms of art such as "retroactivity, clarification, promptly, substantive change, ect," comport with the Constitutional guarantees to Due Process, Speech and redress of Grievance, Confrontation and Compulsory Process and Equal Treatment/Protection Under Law. No State actor did so, instead they cited and relied on Iowa Code, Chapter 822.3 as amended by SF589 as an affirmative defense. This violates Federal Law rendering it unconstitutional

87)    The Government was lastly required to prove how the aforementioned restrictions accorded with NPI members Trial Rights addressing the "disavowed theory of Felony Murder, Caused and Sustained Injury, Aiding and Abetting/Joint Criminal Conduct, Malice Aforethought, Kidnapping, Stand Your Ground/Duty to Retreat, Medical Privilege, the

Allison Rule and the Brain Science of the Youthful Offender," cited in their respective post-conviction relief applications. No State actor did so, instead they cited and relied on Iowa Code, Chapter 822.3 as amended by SF589 as an affirmative defense. This violates Federal Law rendering it unconstitutional

88)    Interestingly enough, while State District Attorneys argued untimeliness, on appeal the Attorney General's Office argued the Bruen decision did in fact constitute a timely new ground of law (Member Woodberry)

89)    And the Attorney General's Office did not contest error preservation in the State District Courts, yet in multiple decisions the Appellate Court sua sponte decided error was not preserved, writing: "While the State does not contest error preservation, we may raise the issue on our own." (Dao, Ledesma, Lord, et. al.)

90)    NPI posit that the Attorney General's Office wanted to have this argument and give the issue its "day in Court" as the Constitution demands, but the Courts-following Justice Waterman's lead in Allison-used SF589 to dismiss the issue all parties wanted to argue, contrary to the Framers Intent

91)    Further, while the Iowa Courts published that NPI members did not link Bruen's Test to their convictions, a reading of the briefs submitted by the Attorney General's Office prove NPI members gave fair notice of their challenges linking the Test to their convictions; "The only hint he offers in his PCR application of what substantive issues he might raise are attacks on the 'disavowed Kidnapping Rule and Allison Rule'....The undersigned understands the 'Kidnapping rule' to refer to the 'removal' alternative Willock challenged in his second appeal," (Member Willock)

92)    NPI members' issues demanded they have their day in Court, Defendants the Iowa Legislature and Governor Kim Reynolds created SF589 with the express intent to deprive persons of their Rights to Due Process and Equal Treatment/Protection Under Law in violation of Federal Constitutional and Civil Rights

# VII.

## Conclusion

93)   The Declaration of Independence of the United States commands: "But when a long train of abuses and usurpations, pursuing invariably the same Object evinces a design to reduce them under absolute Despotism, it is their Right, it is their Duty, to throw off such Government and to provide new Guards for their future security."

94)   NPI members take this statement to mean we, as the people, not only have the Right, but we have the Duty to question those in power over us. And when those in power abuse that power it is the Right, it is the Duty of those who have the ability to take action, morally and ethically, to take that action.  The time bar and terms of art that do not appear textually in the Constitution has abolished NPI's Rights under absolute Despotism for far too long

95)   There can be no greater abuse of power than a Court holding an issue, like abortion, is Constitutional (PP I, 2018), then Governor replacing those Justices with Justices of her own and, with no change to the Constitution, having her new Court holding that same issue is now unconstitutional

96)   And yet, when the oppressed request access to the Courts to challenge their Liberty depravation a Justice dog whistles to the Legislature to change the law and the Court would back the Legislature's play to deny the oppressed their access to the Court.  This "tit-for-tat" quid pro quo is exactly the Governmental abuse of power Founding father Benjamin Franklin warned future generations about when he said, "We have given you a Republic-IF you can keep it."

97)   Defendants the Iowa Legislature and Governor Kim Reynolds have engaged in a campaign of winning at all costs, but NPI would warn them winning at all costs can be too costly when that victory costs them their reputations for honesty, integrity, fairness and dignity

98)   NPI may not have the power or influence of Governor Kim Reynolds as reported in the April 16, 2023 issue of the Quad City Times, page A6 headline: "Reynolds Enters Secure Court Area: Gov. Kim Reynolds entered a secure area where Supreme Court Justices maintain private offices before watching arguments in an abortion case in which she was the lead plaintiff, according to an email from a staff member from Chief

Justice Susan Christensen.  The letter said Reynolds did not have
permission from the Justices or Supreme Court staff," but NPI does have
the power of the Federal Judiciary under Article III of the U.S.
Constitution to petition for their Redress of Grievance under

99)     Former President Ronald Reagan once said: "Freedom is never more
than one generation away from extinction.  We didn't pass it on to our
children in the bloodstream.  The only way they can hear it…is if we
fight for it…And if you and I don't do this, then you and I will spend our
sunset years telling our children and our children's children what it was
once like in America when men were free."  NPI members intend to fight
for their freedom using the words of the Constitution and as an obscure
writer once penned, "Words offer the means to meaning, and for those
who will listen, the enunciation of truth.  And the truth is there is
something terribly wrong with our Country."  We all can and should do
better

## VIII.

### Prayer for Relief

100)   Wherefore NPI members respectfully pray that this Court
    A) Allow the matter to proceed to a jury trial with the relief sought as
       a judgment that the Iowa Legislature and Governor Kim Reynolds
       violated members Constitutional and Civil Rights, and
    B) ORDER the State District Courts to rehear all NPI member's cases
    C) Any other relief this Court deems equitable and just

Respectfully Submitted,

**Gabriel Luis Vasquez** c/o
**The Nutcracker Project of**
**Iowa**

10/12/25

## Signature Page: The Nutcracker Project of Iowa

*Larry M. Kennedy*

*Khan F. ThongVanh.*

*Randy D. Jones*

*Bobby Woodberry*

*Michael Roach*

*Jerry Gore*

*A Juan Ledesma*

*Esteban Velazquez Ramirez*

*David Wildbak*

*Dan Dorris*

*(Tony Shavong)*

*and N Gonzalez B.*

**\*\*Michael Linn Schawitsch (posthumously)**

## Certificate of Service

I, Gabriel Luis Vasquez do hereby swear and certify to the Court, under a penalty of perjury, that on this _12th_ day of _October 2025_ I did serve all parties by placing a copy of the _42 USC 1983 Complaint_ in the Anamosa State Prison U.S. Postal mailbox properly addressed to the Clerk of Court,

_U.S. Courthouse  P O Box 9344  Des Moines, Ia 50306_.

**Gabriel Luis Vasquez/Date**

To: Clerk of Court, U.S. District Court for the Southern District of Iowa,

Good day.  Please find enclosed the following documents:

A)  Complaint with Jury Demand under 42 USC 1983

Please file these documents with the appropriate Judge for their review and consideration.  Please send one (1) copy to the Attorney General's Office of Iowa for their review and consideration.

Thank you for your time and attention in this matter and I shall await the Courts reply which you can mail to me at the below address.

Sincerely,

Gabriel Luis Vasquez c/o
The Nutcracker Project of Iowa

**Address:**
**Gabriel Luis Vasquez 1103650**
Anamosa State Prison
406 N. High St.
Anamosa, Iowa 52205



UNITED STATES
POSTAL SERVICE ®

PRIORITY®
MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE




US POSTAGE
PAID ᴹᴾ
From 52205
10/13/2025
Zone 2

Pitney Bowes
CommiPrice         028W0002312162
Flat Rate Envelope      2000197040

USPS PRIORITY MAIL®

Expected Delivery Date 10/15/2025

0003

B093

ANAMOSA STATE
PENITENTIARY
406 N High St
Anamosa IA 52205-1199

CLERK, U.S. DIST COURT
US COURTHOUSE
PO BOX 9344
DES MOINES IA 50306-9344

Vasquez 1183850

USPS TRACKING #

9405 5401 0962 8005 4218 64

This package is made from post-consumer waste. Please recycle - again.

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

UNITED STATES
POSTAL SERVICE®  |  PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

10/13/25  1:40 pm

FROM:
Gabriel Luis Vasquez  1103650
Anamosa State Prison
406 N High St.
Anamosa, Ia 52205

TO:
Clerk, United States
District Court, U.S. Courthouse
PO Box 9344
Des Moines, Ia 50306

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.